# Phillips *against* Hellings.

A judgment for want of appearance in an action on the case, without declaration filed or anything to indicate the amount, is interlocutory in the first instance, and becomes final when the amount is settled and entered on the record.

Where between signing such judgment and the settling and entering the amount by agreement of the parties, other judgments intervene, they are entitled to a priority.

ERROR to the Common Pleas of *Bucks,* in which an action on the case was brought by Jesse Hellings against Dr John Phillips, to recover the sum of $1500 which the plaintiff alleged to be due to him out of the proceeds of a sheriff's sale of land, of which Dr Phillips became the purchaser.

It appeared that Henrietta Disborough brought two actions on the case against Jacob S. Walton in the Common Pleas of Bucks county, to September term 1826, in which judgments were severally entered for want of an appearance on the 15th of September 1826, leaving blanks for the amount, which were filled up by agreement of the parties in 1829, with the several sums of $600 and $500. In each suit there was a rule to show cause why the judgment should not be struck off, and the defendant be permitted to enter an appearance and let into a defence under the judgment; which rules were afterwards withdrawn. These judgments were assigned to Dr Phillips on the 7th of June 1829. On the 12th of September 1828 Hellings obtained a judgment in the same court against Walton for $2000. Walton's land was sold under a *venditioni exponas* to December term 1829, on a judgment at the suit of Elisha Reeves, to Dr Phillips, for the sum of $4846.75. On the 12th of February 1830 Dr Phillips agreed to settle with Hellings all moneys coming to him under his judgment, from the sale, in consideration that the latter would authorize the sheriff to make title to Dr Phillips; which he accordingly did. On the 27th of April 1830 Dr Phillips gave the sheriff a receipt for the sum of $4771.66, debt and interest, which he was to refund in case he was not entitled to receive it. Dr Phillips paid judgments and other liens on the property to the amount of $5809.33.

The defendants requested the court to charge the jury that the two judgments of Henrietta Disborough against Walton were subsisting liens at the time of the sale of the land, and were entitled to be paid before the judgment of Hellings, and that Dr Phillips, as her assignee, was entitled to be paid the amount out of the proceeds of sale. The court refused so to charge, but instructed the jury that the judgment of Hellings took preference to those of

[Phillips v. Hellings.]

Henrietta Disborough.   The defendants excepted to the charge, and assigned it for error.

*J. Fox,* for plaintiff in error.
*Ross,* contra, was stopped by the court.

PER CURIAM. — This case is too plain for dispute.   Judgments were signed in actions on the case for want of appearance, but without declaration filed, or anything else to indicate the amount; and they were consequently interlocutory in the first instance. The amount was subsequently settled by agreement, and entered on the record, and they became final; but other liens had attached the land in the meantime, and the proceeds of the sheriff's sale were properly adjudged to have been applicable to them.

Judgment affirmed.